IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MAURICE RONALD ARCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>FRED LEMONS,<br><br>    Defendant. | CV 18-00086-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Maurice Archer filed a Motion to Proceed in Forma Pauperis (Doc. 1), a motion for appointment of counsel (Doc. 3), and a proposed Complaint pursuant to 42 U.S.C. § 1983 (Doc. 2) alleging Defendant Lemons, a sex offender therapist ordered to conduct a psychosexual evaluation on Mr. Archer in 2006, violated Mr. Archer's rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. The motion to proceed in forma pauperis will be granted but this matter should be dismissed for failure to file within the applicable statute of limitations. In light of the recommendation that this matter be dismissed, the motion for appointment of counsel will be denied.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Archer must pay the statutory filing

1

fee of $350.00. Mr. Archer submitted an account statement showing average monthly deposits of $344.57 over a six-month period preceding the filing of his Complaint (January 1, 2018 - June 22, 2018). (Doc. 5.) Therefore, an initial partial filing fee of $68.91 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Archer to collect the initial partial filing fee from Mr. Archer's account and forward it to the Clerk of Court.

Mr. Archer will be required to pay the remainder of the fee in installments by making monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Archer must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Mr. Archer is held to forward payments from Mr. Archer's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. INITIAL SCREENING

Mr. Archer is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III.  ANALYSIS

Mr. Archer's Complaint is a 46-page filing which details his 2006 arrest and criminal trial.  Specifically with regard to Defendant Lemons, Mr. Archer alleges that the trial judge in his 2006 criminal case appointed Defendant Lemons to conduct a psychosexual evaluation.  He alleges Mr. Lemon was a state employee who worked for the Montana State Prison system in the administration and operation of the in-prison sex offender program.  He claims this was a conflict of interest because Mr. Lemons had a pecuniary interest in evaluating Mr. Archer to ensure that Mr. Archer was ordered to serve a prison term under which he would be required to attend sex offender treatment.  He alleges that in accepting the judge's appointment, Mr. Lemons joined the ongoing conspiracy with the judge and others to knowing violate Mr. Archer's civil rights.  He also alleges that in ignoring the truth found in the records of the case and including fabricated facts in his report, Mr. Lemons acted affirmatively and with deliberate indifference. (Complaint, Doc. 2 at 3-9.)

The Complaint should also be dismissed for failure to file within the applicable statute of limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations

governing personal injury actions.  In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).

Mr. Archer's Complaint is dated June 13, 2018, therefore all claims accruing prior to June 13, 2015 are barred by the applicable statute of limitations.  Mr. Archer's claims arose in 2006.  As such, his claims accrued prior to June 13, 2015 and are now barred by the statute of limitations.  This is not a defect which could be cured with further amendment.

In addition, Mr. Archer's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated.  *Id.* at 486–87; *see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir.2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' " (citation omitted)).  Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F.3d at 695 (*quoting Heck*, 512 U.S. at 487).  If the Court

were to rule favorably for Mr. Archer on his claims regarding his criminal conviction it would necessarily imply the invalidity of his conviction and therefore those claims are *Heck* barred.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Archer's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed June 18, 2018.

3. Mr. Archer's Motion for Appointment of Counsel (Doc. 3) is DENIED.

4. At all times during the pendency of this action, Mr. Archer MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED WITH PREJUDICE.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Amended Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Archer may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Archer is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of July, 2018.

                                                         */s/ John Johnston*
                                                        John Johnston
                                                        United States Magistrate Judge