# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MAURICE RONALD ARCHER,<br><br>    Plaintiff,<br><br>v.<br><br>FRED LEMONS,<br><br>    Defendant. | CV-18-00086-GF-BMM-JTJ<br><br>**ORDER** |

Plaintiff Maurice Archer filed a Motion to Proceed in Forma Pauperis, a motion for appointment of counsel, and a proposed Complaint pursuant to 42 U.S.C. § 1983. Archer alleges that Defendant Fred Lemons, a sex offender therapist ordered to conduct a psychosexual evaluation on Archer in 2006, violated Archer's rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on July 26, 2018. (Doc. 6.) Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and

1

Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston determined that Archer failed to file within the applicable statute of limitations and this matter should be dismissed. (Doc. 6 at 1.) Archer's Complaint details his 2006 arrest and criminal trial. Archer alleges that the trial judge appointed Lemons to conduct a psychosexual evaluation. Archer further alleges that Lemons, as a state employee, had a pecuniary interest in evaluating Archer to ensure that Archer be ordered to serve a prison term under which he would be required to attend sex offender treatment.

The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined that the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983, is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code Ann. § 27-2-204(1). Archer's claim arose in 2006 and he filed the instant Complaint on June 13, 2018. Judge Johnston determined, and the Court agrees, that the statute of limitations prohibits Archer's Complaint. Judge Johnston additionally determined, and the Court agrees, that Archer's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 6), are ADOPTED IN FULL.

**IT IS ORDERED** that this matter shall be **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** that the Clerk of Court shall close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the Clerk of Court shall have the docket reflect that dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199

(2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitation s constitutes a strike pursuant to 28 U.S.C. § 1915(g)).

DATED this 14th day of August, 2018.

Brian Morris
United States District Court Judge